**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WAYNE WILLIAM WRIGHT, Plaintiff-Appellant, v. CHARLES L. BECK; et al., Defendants-Appellees. | No. 16-55239 16-55984 D.C. No. 2:15-cv-05805-R-PJW MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted November 9, 2017
Pasadena, California

Before: LINN,** BERZON, and WATFORD, Circuit Judges.

The district court erred in dismissing Wayne William Wright's ("Wright")

First Amended Complaint ("Complaint") for failure to state a claim based on issue

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Richard Linn, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

or claim preclusion.[1]  Because there is no basis for either claim or issue preclusion, we reverse the district court's dismissal and remand for further proceedings on the merits.[2]

The district court's dismissal was not based on an analysis of the elements of issue or claim preclusion.  Instead, it was based entirely on its conclusion that the Ventura County Superior Court ("Ventura Court") necessarily determined that Wright did not have a possessory interest in certain firearms previously seized and since destroyed by the Los Angeles Police Department ("LAPD") and now at the center of each of the causes of action set forth in his Complaint.  On the record in this case, this conclusion was incorrect.

On its face, the relevant 2011 Ventura Court order released to Wright twenty-six numbered firearms and made no mention of the hundreds of other firearms he also requested from the LAPD (the firearms not specifically identified by the Ventura Court order are hereafter referred to as "remaining firearms"). Relying on *Hall v. Mun. Court*, 10 Cal.3d 641, 643 (1974), the district court concluded that

---

[1] The district court cited both "res judicata" and "collateral estoppel," but did not indicate which it was applying.  As discussed below, neither doctrine was properly applicable in this case.  For clarity, we use "claim preclusion" and "issue preclusion" in lieu of res judicata and collateral estoppel, respectively.

[2] The district court also denied Wright's motion for an indicative ruling under Fed. R. Civ. P. 62.1.  Because we reverse the district court's dismissal based on res judicata and collateral estoppel, we need not and do not address any asserted errors in the indicative ruling.

2

because Wright sought custody of all the seized firearms but the order explicitly required release of only twenty-six numbered firearms, the order presumptively made the implied finding that Wright had no possessory interest in the remaining firearms. *Wright v. Beck*, No. 15-5805, at 3 (C.D. Cal. Dec. 14, 2015) ("*District Court Opinion*"). *Hall* does not support the district court's conclusion.

In *Hall*, the California Supreme Court held that in the face of a disputed factual issue following entry of judgment, "it is presumed that the court made such implied findings as will support [its] judgment." *Hall*, 10 Cal.3d at 643. Here, the Ventura Court's order with respect to the twenty-six firearms listed did not depend upon resolution of Wright's possessory interest in the remaining firearms not explicitly addressed. Wright's possessory interest in each firearm presented a separate and unrelated question. The fact that the Ventura Court released some but not all of the firearms does not necessarily lead to the conclusion that it made implied findings of fact on Wright's possessory interest in the remaining firearms.[3]

The district court created a false dichotomy in concluding from the fact that the parties *disputed* Wright's ownership of all of the firearms seized, that the Ventura Court either "simply ignored the hundreds of other guns that were not authorized for return," *District Court Opinion* at 3, or finally decided Wright's interest in all the

---

[3] *Hall* also did not involve or discuss the preclusive effect of an implied fact-finding.

3

firearms.[4]  Nothing suggests that the Ventura Court did anything more than consider the parties' arguments with respect to all the firearms and leave the final resolution of Wright's interest in the remaining firearms for another day.  The order says no more.

Moreover, Wright in his Complaint alleges that with respect to the remaining firearms, the Ventura Court "asked the parties to try to further informally work it out and to come back to [court] if additional orders were needed."  That allegation is supported by the declaration of Joseph Silvoso, who was present at the oral hearing leading to the Ventura Court order.[5]  In his declaration, Silvoso states that the Ventura Court judge "indicated that he was withholding issuing a judgment as to the Remaining Firearms," and that "he expected the parties would return to his court if they were not able to resolve the remaining portion of the dispute regarding unreturned firearms."  The City has presented no evidence disputing the content of that declaration.  And that content is corroborated by the circumstance that, after the

---

[4]  We see no error in the district court's taking of judicial notice of the parties' arguments to the Ventura Court.  See Fed. R. Evidence 201; *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (noting that a court may take judicial notice of documents, including proceedings in other courts, at any stage in the proceedings).

[5]  The Appellees (collectively referred to hereinafter as the "City") are incorrect in arguing that California Rules of Court 8.134 and 8.137 required the district court to entirely disregard the Silvoso Declaration.  Those rules govern the entrance of agreed statements into the appellate record in California courts.  They do not prescribe procedural rules regarding whether a federal district court can admit a declaration presenting relevant evidence, particularly where the declaration is the only evidence of a court proceeding.

order was issued, the parties continued to negotiate for the release of additional firearms, at least some of which the LAPD later released to Wright.

The City grossly mischaracterizes the Ventura Court order. *See* Appellee's Brief at 27–28 ("When the 2011 order is read in the context in which it was issued, it is explicit—not implied—that the order was a pronouncement on all the guns, which was the subject of the hearing, and not merely a discussion of the 26 guns which the LAPD agreed to release."); *see also id.* at 29 (similar). The "context" is that the parties' briefing addressed *all* the guns. But the consideration of an argument by a court need not result in an immediate decision resolving that argument. The Ventura Court order neither explicitly nor implicitly opined about Wright's ownership or possessory interest in the remaining firearms.

The City also presents alternative grounds for affirmance, none of which have merit. First, Wright does not improperly seek to attack the validity of his criminal conviction through collateral attack. *See Heck v. Humphrey*, 512 U.S. 477, 484-86 (1994). He seeks only the return of property he alleges he owns, based on his allegation that he satisfied the LAPD's firearm return policy—*not* based on an assertion that the seizure of the guns itself was unlawful.

Second, Wright's claims are not barred by the statute of limitations. Wright challenges the LAPD's *destruction* of his firearm collection pursuant to the Los Angeles Court order on September 16, 2013, *not* the *seizure* of those firearms.

5

Wright alleges that he learned about the destruction upon contacting the LAPD on July 25, 2014. (Complaint, ¶ 78). Wright filed the case on appeal on July 31, 2015, within two years of when he knew or had reason to know of the destruction of the firearms. *See Morales v. City of Los Angeles*, 214 F.3d 1151, 1154 (9th Cir. 2000) (noting that "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action") (internal quotation marks omitted). Wright's claim did not accrue upon the seizure of the firearms because the seizure did not affect the *ownership* interests he now asserts. Nor did it accrue with the Ventura Court order, which, as discussed above, did not address the remaining firearms.

Third, California Penal Code § 33875 is inapposite and does not justify the destruction of the remaining firearms. That section authorizes the disposal of an unclaimed firearm "180 days after the owner of the firearm has been notified by the court or law enforcement agency that the firearm has been made available for return." Wright alleges that the remaining firearms were never "made available for return," that he did claim the remaining firearms, and that he was not given notice prior to their destruction. Thus, the 180-day period was never triggered.

For the foregoing reasons, the district court's dismissal of Wright's Complaint is reversed and the case is remanded for further proceedings on the merits of Wright's Complaint. We specifically leave the City's arguments with respect to the potential liability of each defendant and the propriety of including individual City

employees as defendants to the district court for consideration in the first instance.

**REVERSED AND REMANDED.**